UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOROTHY CONLEY, et al.,

                              Plaintiffs,

                -against-

BARBARA THOMPSON, et al.,

                              Defendants.

**ORDER**

22-CV-00328 (PMH)

PHILIP M. HALPERN, United States District Judge:

On January 13, 2022, Barbara Thompson, Jessica Thompson, and Thomas Thompson (collectively, "Defendants") filed a Notice of Removal, removing this action from the Supreme Court of the State of New York, County of Orange, to this Court. (Doc. 1, "Not. of Removal"; Doc. 1-1, "Not. of Removal, Ex. A"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Orange.

## BACKGROUND

On January 13, 2022, Defendants filed a Notice of Removal, which attached copies of the following documents: (1) Defendants' Verified Answer (Not. of Removal, Ex. A at 1-6);[1] (2) Defendants' Demand for a Verified Bill of Particulars (*id*. at 7-12); (3) Defendants' Notice for Discovery and Inspection (*id*. at 13-19); (4) Defendants' Notice to Take Deposition Upon Oral Examination (*id*. at 20-21); (5) Defendants' Notice Pursuant to C.P.L.R. Section 3017(c) (*id*. at 22); (6) Defendants' Demand for Medicaid/Medicare Information (*id*. at 23-26); and (7) Defendants' Notice Pursuant to C.P.L.R. Section 2103 (*id*. at 27-28). Notably, Defendants did not attach copies of the Summons and Verified Complaint, or responses to any of the discovery demands.

---

[1] Citations to Exhibit A of the Notice of Removal correspond to the pagination generated by ECF.

Defendants, in their Notice of Removal, claim that this Court has subject matter jurisdiction over this dispute because (1) complete diversity exists between the parties (Not. of Removal ¶ 3); and (2) "the matter in controversy exceeds the sum or value of $75,000.00 as set forth in plaintiff's January 11, 2022 Verified Bill of Particulars claimed exclusive of interest and costs." (*Id*.).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While Defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[2]

---

[2] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

Here, Defendants do not attach a copy of Plaintiffs' Verified Complaint or any of Plaintiffs' responses to Defendants' discovery demands. Rather, Defendants cite to a Bill of Particulars for the premise that the amount in controversy exceeds the $75,000 threshold. (Not. of Removal ¶ 3). But Defendants have not furnished such purported Bill of Particulars to the Court. (*See id*., Ex. A). Nor do any of the other documents attached to the Notice of Removal mention the damages that Plaintiffs seek. This Court, although not required to do so, has also undertaken to review the electronic docket in the state court proceeding. That docket is similarly devoid of any written indication of the amount in controversy. (*See* Index No. EF002597-2021, NYSCEF Doc. Nos. 1-8).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendants' argument in the absence of any supporting information that the amount in controversy must exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met."); *Crane Equip. & Servs., Inc. v. B.E.T. Const., Inc.*, No. 14-CV-01755, 2015 WL 471323, at *2 (W.D.N.Y. Feb. 4, 2015) (granting motion for remand where "Defendant's Notice of Removal conclusively states that the amount in controversy is '[m]ore than $75,000' without any further clarification"); *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *2 (S.D.N.Y. May 29, 2013) ("[A] 'mere averment'" is

insufficient to satisfy defendants' burden to establish amount in controversy (quoting *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

## **CONCLUSION**

Based upon the foregoing, the Court concludes that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Orange. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Orange, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
       January 14, 2022

SO ORDERED:

_____
Philip M. Halpern
United States District Judge